**152**

Richard S. Glassman, Santa Fe, N.M., for plaintiffs.

John W. Zavitz, U.S. Attorney's Office, Dist. of New Mexico, Albuquerque, N.M., J. Steven Rogers, Seth M. Barsky, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, D.C., B.J. Baggett, San Juan County Attorney's Office, Aztec, N.M., James L. Dow, Dow Law Firm, Carlsbad, N.M., for defendants.

**Ron M. and Linda K. REYNOLDS, Plaintiffs,**

v.

**Manuel LUJAN, Secretary of the United States Department of the Interior, United States Bureau of Land Management, and San Juan County, A New Mexico Political Subdivision, Defendants.**

Civ. No. 90–902 JP.

United States District Court,
D. New Mexico.

Jan. 15, 1992.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The subjects of this memorandum opinion and order are the federal defendants', i.e. Lujan and the Bureau of Land Management (BLM), motion to dismiss filed April 22, 1991 and defendant San Juan County's motion to dismiss filed May 9, 1991. After careful consideration of the pleadings, facts and law, and being otherwise fully advised in the matter, I have decided that both motions to dismiss should be granted.

Plaintiffs bring this suit pursuant to the Resource Conservation & Recovery Act (RCRA), 42 U.S.C. §§ 6901–6992k, claiming that the Lee Acres Landfill, which is close to their home, in San Juan County, New Mexico, is operating in violation of the RCRA. The federal defendants are owners of the property on which the Lee Acres Landfill is located and defendant San Juan County is the operator of the Lee Acres Landfill. Plaintiffs allege that their property has been contaminated by solid and hazardous wastes from the Landfill. Plaintiffs bring Count I under 42 U.S.C. § 6972(a)(1)(A) of the RCRA and allege that hazardous wastes were disposed of at the Landfill and that this subjected the Landfill to RCRA requirements which were not met. Plaintiffs bring Counts II and III under 42 U.S.C. § 6972(a)(1)(B) of the RCRA and allege that contamination has been and is emanating from both hazardous waste and solid waste in the Landfill which has, over the years, resulted in an imminent and substantial endangerment to the health and environment, and is in violation of the RCRA. Plaintiffs are requesting that this court order the enforcement of the RCRA requirements and order injunctive relief to prevent future contamination and to cleanup current contamination. Plaintiffs further request civil penalties be imposed for each day the alleged RCRA violations continue, and an award of costs and fees.

All defendants have moved to dismiss on the basis that this court lacks subject matter jurisdiction. § 113(h) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675 provides in pertinent part:

No Federal court shall have jurisdiction under Federal law other than under section 1332 of Title 28 (relating to diversity of citizenship) or under state law which is applicable or relevant and appropriate under section 9621 of this title (relating to cleanup standards) to review any challenges to removal or remedial action selected under section 9604 of this title ... in any action except one of the following [five exceptions, none of which are applicable here] ...

42 U.S.C. § 9613(h). The purpose of § 113(h) is to ensure that judicial challenges do not unnecessarily delay CERCLA cleanup actions. *Schalk v. Reilly,* 900 F.2d 1091, 1095 (7th Cir.), *cert. denied Frey v. Reilly,* —— U.S. ——, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990). Defendants assert that even though plaintiffs have brought this action under RCRA, § 113(h) precludes their claim since the Lee Acres Landfill is currently being subjected to CERCLA § 104, 42 U.S.C. § 9604, response actions.[1] The Landfill has been placed on the CERCLA National Priorities List (NPL) of sites which may pose substantial risks to public health and welfare due to the presence of released hazardous substances, pollutants or contaminants. 40 C.F.R. Part 300, Appendix B. Also, the BLM has incurred costs in excess of three million dollars for performance of a Remedial Investigation/Feasibility Study (RI/FS) by Roy F. Weston Inc., an environmental engineering firm. Plaintiffs claim that § 113(h) of CERCLA does not apply because they are bringing their suit under RCRA, and their suit does not constitute a challenge to any CERCLA activity.

The language of § 113(h) is broad. It precludes "any challenges," rather than specified actions and goes beyond CERCLA itself since there shall be no federal jurisdiction under any federal or state law. As defendants have demonstrated, both the statutory language and the legislative history make it clear that § 113(h) precludes a federal court from hearing any lawsuit which addresses the response actions that are performed by the EPA and other federal agencies.

Other courts, when faced with the issue of whether § 113(h) of CERCLA precludes actions brought under other statutes, have all decided that, based on the intent of

---

**1.** Removal and remedial actions are collectively defined as "response" actions. 42 U.S.C. § 9601(25).

Congress, § 113(h) should not be limited to CERCLA actions alone.

By applying section 9613(h) to RCRA, CWA [the Clean Water Act] and MERA [the Minnesota Environmental Rights Act], the Court is frustrating, to a certain extent, the purposes underlying those statutes. This is troubling, and clearly due to the fact that Congress chose to legislate in a piecemeal fashion in the environmental area. These statutes simply do not fit together neatly. Nevertheless, it is clear that Congress intended that cleanups under section 9604 go forward unchallenged until completion of a discrete phase. Allowing plaintiffs to challenge the ... cleanup under RCRA ... would totally eviscerate section 9613(h) and the intent of Congress.

*Werlein v. U.S.*, 746 F.Supp. 887, 894 (D.Minn.1990). *See also Boarhead Corp. v. Erickson*, 726 F.Supp. 607 (E.D.Pa.1989) (§ 113(h) deprived court of jurisdiction to hear plaintiff's claim under the National Historic Preservation Act, 16 U.S.C. § 470 *et seq.*); and *see United States v. State of Colorado and the Colorado Dept. of Health*, 1991 WL 193519, 1991 U.S. Dist. LEXIS 13,138, Envt.Rep. Cas (BNA) 1, 85, 22 ELR 20088 (D.C.Colo.1991) (in an action brought under Colorado state's equivalent of the RCRA, the court held that "[42 U.S.C.] § 9613(h) unambiguously indicates that this court lacks jurisdiction for pre-completion review of the remedial action presently underway at Basin F now that it has been placed on the NPL," slip op. at 8).

Furthermore, as recognized by the above cited cases, plaintiffs' suit may well challenge CERCLA activities even though CERCLA activities are not mentioned in the complaint. Plaintiffs have plead that they seek an order compelling BLM to engage in a "comprehensive cleanup of the contamination on and off the site," Complaint at 13, and imposing RCRA closure requirements at the site, Complaint at 8–9. Clearly, if this court were to grant plaintiffs' requests, it would have to alter the ongoing response activities. This is exactly what § 113(h) prohibits.

Additionally, the language of the RCRA itself indicates that this court does not have jurisdiction to hear Counts II and III since both claims are brought pursuant to 42 U.S.C. § 6972(a)(1)(B). 42 U.S.C. § 6972 of the RCRA, entitled *Citizens suits*, which sets forth how "any person may commence a civil action on his own behalf" includes a subsection entitled *Actions prohibited* with the following language:

(B) No action may be commenced under subsection (a)(1)(B) of this section if the Administrator, in order to restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment—

.         .         .         .         .

(ii) is actually engaging in a removal action under § 104 of [CERCLA],

(iii) has incurred costs to initiate a [RI/FS] ... and is diligently proceeding with a remedial action under [CERCLA].

.         .         .         .         .

42 U.S.C. § 6972(b)(2)(B). The RI/FS currently being conducted by Weston and the placement of the Lee Acres Landfill on the NPL precludes Counts II and III of this suit pursuant to 42 U.S.C. § 6972(b)(2)(B)(ii) and (iii) above.

Plaintiffs argue that these sub-sections do not apply because the Administrator (i.e. the Administrator of the Environmental Protection Agency, 42 U.S.C. § 6903(1)) has not performed the response actions but rather, the BLM has. Plaintiffs further argue that the actions undertaken by the BLM are feeble and do not "restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment," as the statute requires. Plaintiffs arguments are not well taken. First, it would thwart the intent of Congress if the EPA's CERCLA activities are not to be tampered with but CERCLA activities by other agencies can be. Also, under CERCLA § 120, the BLM must consult with the EPA concerning the RI/FS and ultimately the EPA must concur in or choose the final remedy. 42 U.S.C. §§ 9620(e)(1), (4). Second, the RI/FS is still being conducted and

the record portrays that numerous measures are currently being undertaken to restrain or abate any alleged endangerment.[2]

IT IS THEREFORE ORDERED that defendants' motions to dismiss are GRANTED and plaintiffs' complaint is dismissed in full.

---

**2.** Due to my finding on the applicability of § 113(h) of CERCLA, my ruling does not hinge on any interpretation of 42 U.S.C. § 6972(b)(2)(B) and thus, I need not enter into a factual inquiry as to whether the measures taken pursuant to the RI/FS are indeed being "diligently pursued."